**Ninth Circuit No. 25-2022**

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

CANELA CIFUENTES CATALAN,
Plaintiff and Appellant,

v.

JAMES S. HILL; CALIFORNIA DEPARTMENT OF CORRECTIONS AND
REHABILITATION; THE ESTATE OF MATTHEW SIGALA, et al.,

Defendants and Appellees.

C.D. Cal. Case No. 5:22-cv-00062-JGB-SP
On Appeal from the United States District Court for the
Central District of California
District Judge Jesus G. Bernal, Presiding

**APPELLANT'S OPENING BRIEF**

Rodney S. Diggs, Esq. (SBN 274459)
IVIE McNEILL WYATT PURCELL & DIGGS
444 South Flower Street, Suite 3200
Los Angeles, California 90071
Telephone: (213) 489-0028
Facsimile: (213) 489-0552
Email: RDiggs@imwlaw.com

Attorney for Plaintiff/Appellant,
Canela Cifuentes Catalan

# TABLE OF CONTENTS

I.     INTRODUCTION ...................................................................................1

II.    JURISDICTIONAL STATEMENT ......................................................2

III.   ISSUE(S) PRESENTED..........................................................................2

IV.   STATEMENT OF THE CASE ...............................................................3

      A.     Factual Background.....................................................................3

      B.     Procedural History.......................................................................4

VI.   STANDARD OF REVIEW.....................................................................6

VI.   SUMMARY OF THE ARGUMENT .....................................................7

VII.   ARGUMENT...........................................................................................8

      A.     **THE DISTRICT COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S RULE 60 MOTION TO SET ASIDE THE DISMISSAL.** ........................................................8

      1.     **The Dismissal for Failure to Prosecute Became a Legal Nullity Once the Defendant Appeared and Consented to Proceed.** ............9

      2.     **The Overwhelming Public Policy Favoring Adjudication on the Merits Mandated Granting the Motion.** ..........................................13

      3.     **Relief Was Warranted Under Rule 60(b)(6) Due to Extraordinary Circumstances.**.................................................................................14

VIII. CONCLUSION .....................................................................................15

STATEMENT OF RELATED CASES...........................................................17

Form 8. Certificate of Compliance for Briefs............................................18

i

# TABLE OF AUTHORITIES

**Cases**

*Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010) ............6, 7

*Bynoe v. Baca*, 966 F.3d 972 (2020)...................................................................11

*Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004) ..............................6

*Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002).......................14

*Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986) ........................................ 4, 6, 13

*Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).......................................13

*Hall v. Haws*, 861 F.3d 977 (2017).....................................................................12

*Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) .......................13

*Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1100 (9th Cir. 2006).............6

*Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) .................. 6, 11, 12

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ......................................9

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)
..................................................................................................................7

*Planned Parenthood Monte Mar, Inc. v. Ford*, 349 F.R.D. 213 (2025)..................12

*U.S. v. Holtzman*, 762 F.2d 720 (1985) ..............................................................11

*Upper Deck Company v. Flores*, 569 F.Supp.3d 1050 (2021) ................................10

**Rules**

28 U.S.C. § 1291 ...................................................................................................2

28 U.S.C. § 1331 ...................................................................................................2

28 U.S.C. § 1343 ...................................................................................................2

28 U.S.C. § 1367 ...................................................................................................2

42 U.S.C. § 1983 ...................................................................................................2

Fed. R. App. P. 4(a)(1)(A). ...................................................................................2

Fed. R. Civ. P. 41(b) .............................................................................................9

ii

Fed. R. Civ. P. 60(b) ................................................................. 6, 11, 15

Fed. R. Civ. P. 60(b)(1) ............................................................ 6, 14, 15

Fed. R. Civ. P. 60(b)(1)-(3) ............................................................ 11

Fed. R. Civ. P. 60(b)(6) ...................................................... 11, 12, 14, 15

## I.   INTRODUCTION

This appeal arises from a manifest injustice: the dismissal of a meritorious civil rights action, based on a horrific and substantiated sexual assault, on procedural grounds that had become entirely moot. On the night of April 8, 2021, California Corrections Officer Matthew Sigala entered the cell of Appellant Canela Cifuentes Catalan, a transgender inmate, and forced her to perform oral copulation. An investigation by the Office of Internal Affairs ("OIA") substantiated Ms. Cifuentes's claims, supported by DNA evidence that established Officer Sigala was the assailant with a probability of at least 570 septillions to one.

This action against Officer Sigala's Estate (the "Estate") followed. After Appellant's counsel made procedural errors in moving for default judgment, the District Court dismissed the case for failure to prosecute on August 26, 2024. However, in a dispositive turn of events, the Defendant Estate subsequently appeared, filed an Answer to the complaint on October 1, 2024, and later filed a notice of non-opposition to Appellant's motion to set aside the dismissal. The Estate expressly agreed that the case should be reopened and tried on its merits.

With the Estate's appearance and consent to proceed, the prior default and the reasons for the dismissal became entirely moot. Nevertheless, the District Court denied Appellant's Rule 60 motion to set aside the dismissal. The court elevated a now-irrelevant procedural misstep over the fundamental principle of resolving cases

1

on their merits, resulting in the termination of a case with undeniably meritorious claims that both parties wished to litigate. The District Court erred. Appellant asks this Court to reverse that decision and remand for a trial on the merits.

## II.    JURISDICTIONAL STATEMENT

The United States District Court for the Central District of California had subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as the case involves federal civil rights claims brought under 42 U.S.C. § 1983. The District Court had supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367.

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, which provides for jurisdiction over appeals from all final decisions of the district courts of the United States. The order being appealed is the District Court's Order Denying Plaintiff's Rule 60 Motion to Set Aside Dismissal, which was entered on March 6, 2025. (**1-ER 2-6**). A timely Notice of Appeal was filed on March 19, 2025. (**2-ER-176**); *see* Fed. R. App. P. 4(a)(1)(A). This appeal follows.

## III.    ISSUE(S) PRESENTED

1. Whether the District Court abused its discretion by denying Appellant's Rule 60 motion to set aside dismissal, thereby precluding a trial on the merits, when the Defendant Estate of Matthew Sigala had subsequently appeared, filed an Answer to the complaint, and filed a notice of non-opposition to Appellant's

2

motion, thus rendering the basis for the dismissal moot and signaling both parties' desire to resolve the case on its merits.

## IV. STATEMENT OF THE CASE

### A. Factual Background

This case arises from a brutal sexual assault perpetrated against Appellant Canela Cifuentes Catalan ("Ms. Cifuentes"), a transgender woman, while she was incarcerated at the California Institution for Men ("CIM"). On the night of April 8, 2021, California Department of Corrections and Rehabilitation ("CDCR") Officer Matthew Sigala entered Ms. Cifuentes's single-person cell, violently pulled her from her bunk, and forced her to perform oral copulation. (**2-ER-9-10**). Officer Sigala ejaculated in Ms. Cifuentes's mouth, held her nose, and ordered her to swallow. (**2-ER-11; 2-ER-14**). In an effort to preserve evidence, Ms. Cifuentes let the semen fall onto her tank top, which she placed in a bag after Officer Sigala left. (**2-ER-13**). Officer Sigala returned minutes later and threatened her, stating that if she told anyone, he would return the next day and rape her. (**2-ER-15-16**).

The following morning, April 9, 2021, Ms. Cifuentes reported the sexual assault to prison staff. (**2-ER-17-18; 2-ER-19-20**). An investigation was launched by the CDCR's Office of Internal Affairs ("OIA"). (**2-ER-8**). As part of the investigation, a buccal DNA swab was taken from Officer Sigala and compared to the semen preserved on Ms. Cifuentes's grey shirt. (**2-ER-21-25**). A laboratory

report from the Riverside/San Bernardino CAL-DNA Laboratory, dated May 13, 2021, concluded that Officer Sigala "was the likely contributor with the DNA results at least 570 septillions more likely that SIGALA was the contributor as compared to an unrelated, unknown contributor." (**2-ER-21-25).**

On October 13, 2021, the OIA completed its investigation, and on January 19, 2022, Ms. Cifuentes was formally notified that her allegation of staff sexual misconduct was "Substantiated." (**2-ER-26-27**). Approximately one week after the assault, Officer Sigala committed suicide. (**2-ER-12).** This action followed.

### B. Procedural History

On March 5, 2024, Ms. Cifuentes filed a First Amended Complaint ("FAC") naming the Estate of Matthew Sigala (the "Estate") as a defendant. (**2-ER-28-51**). The Estate was served on May 14, 2024, but failed to file a responsive pleading by the June 4, 2024, deadline. (**2-ER-52-53).** On June 21, 2024, the Clerk of the Court entered default against the Estate. (**2-ER-54**).

Appellant filed two successive motions for default judgment. The first, Plaintiff's Application for Default Judgment (**2-ER-55-83**) was denied without prejudice on July 16, 2024, for procedural deficiencies and for failing to address the substantive factors required by *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986). (**2-ER-84-87**). Appellant filed An Amended Application for Default Judgment on July 24, 2024. (**2-ER-88-118**). On August 26, 2024, the District Court denied the second

motion, again, finding a failure to analyze the *Eitel* factors, and on its own motion dismissed the action without leave to amend against the Estate for failure to prosecute and failure to comply with court orders. (**2-ER-119-123**).

Following the District Court's denial of the Amended Application for Default Judgment, Appellant filed a Motion for Reconsideration. (**2-ER-124-137**). Here, Plaintiff presented substantial, uncontroverted evidence establishing Defendant Sigala's liability.

Following this dismissal, the procedural posture of the case changed dramatically. On October 1, 2024, the Estate, having retained legal counsel, filed an Answer to the FAC, signaling its intent to defend the action on the merits. (**2-ER-138-147**). After the court denied Appellant's motion for reconsideration of the dismissal (**2-ER-148-152**), Appellant filed a Rule 60 Motion to Set Aside the Dismissal on January 23, 2025. (**2-ER-153-170**). Appellant argued that because the Estate had answered and was prepared to litigate, the basis for the earlier default proceedings and subsequent dismissal was now moot and justice required the case to be heard on its merits. (**2-ER-153-170**).

In a dispositive development, the Estate filed a Notice of Non-Opposition to Appellant's motion on January 30, 2025, explicitly stating it did not oppose setting aside the dismissal so the case could proceed to be tried on the merits. (**2-ER-171-172**). Despite the fact that both parties now wished to litigate the case, the District

5

Court issued an order on March 6, 2025, denying Appellant's Rule 60 motion. (**1-ER-2-6**). This appeal followed. (**2-ER-173**).

## VI.  STANDARD OF REVIEW

A district court's denial of a motion for relief from judgment under Federal Rule of Civil Procedure 60(b) is reviewed for an abuse of discretion. *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1100 (9th Cir. 2006); *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004). A district court abuses its discretion when its decision is based on an erroneous view of the law or on a clearly erroneous assessment of the evidence. *Casey*, 362 F.3d at 1257. An abuse of discretion also occurs if the district court's application of the correct legal standard was illogical, implausible, or without support in the record. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010).

This Court's review is more stringent where the denial of a Rule 60(b) motion results in a dismissal that forecloses an opportunity to hear a case on the merits. This reflects the "strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). Because dismissal is a "harsh penalty," it should only be imposed in "extreme circumstances." *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (internal quotation marks and citation omitted).

In evaluating a motion under Rule 60(b)(1) for "excusable neglect," the abuse

of discretion analysis requires this Court to assess whether the district court properly applied the equitable, four-factor test that considers: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Ahanchian*, 624 F.3d at 1261 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). An abuse of discretion occurs if the district court misapplies these factors or fails to give proper weight to the strong policy favoring adjudication on the merits, particularly where, as here, the opposing party consented to setting aside the dismissal.

## VI. SUMMARY OF THE ARGUMENT

The District Court committed a clear abuse of discretion by denying Appellant's Rule 60 motion to set aside the dismissal of her action. The court's decision elevated a procedural technicality over the fundamental principle of resolving cases on their merits, resulting in a manifest injustice. The dismissal was originally premised on Appellant's counsel's failure to properly prosecute a default against the Estate of Matthew Sigala. However, this premise became entirely moot when the Estate subsequently appeared, filed an Answer to the complaint, and then filed a formal notice of non-opposition to Appellant's motion, expressly agreeing that the case should be reopened and tried on the merits.

At that point, the default was no longer at issue. Both parties were before the

court and prepared to litigate. The court's refusal to acknowledge these dispositive, post-dismissal facts was illogical and without support in the record. By focusing on prior attorney errors instead of the current procedural reality, the court ignored the strong public policy favoring adjudication on the merits and foreclosed a meritorious, substantiated civil rights claim from ever being heard—a result that serves no party's interest. This Court should reverse the decision and remand for a trial on the merits.

## VII. ARGUMENT

### A. THE DISTRICT COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S RULE 60 MOTION TO SET ASIDE THE DISMISSAL.

The District Court committed a clear abuse of discretion when it denied Appellant Canela Cifuentes Catalan's ("Ms. Cifuentes") Rule 60 motion to set aside the dismissal of her case. (**1-ER-2-6**). The court's decision was based on an erroneous view of the law and a failure to consider the most critical facts that had developed post-dismissal. Specifically, the court fixated on Appellant's counsel's prior procedural errors in seeking a default judgment, while completely ignoring the dispositive events that followed: the Defendant Estate of Matthew Sigala (the "Estate") appeared, filed a formal Answer, and filed a notice of non-opposition consenting to reopening the case.

8

At that moment, the entire basis for the default and subsequent dismissal evaporated. The case was no longer dormant or one-sided; both parties were present and prepared to litigate the matter on its merits. The court's refusal to acknowledge this fundamental shift in procedural posture was illogical, implausible, and directly contrary to the Ninth Circuit's strong policy favoring adjudication on the merits. By elevating a moot procedural issue over substantive justice, the court foreclosed a meritorious, substantiated civil rights claim from ever being heard—a manifest injustice that this Court should correct.

1. **The Dismissal for Failure to Prosecute Became a Legal Nullity Once the Defendant Appeared and Consented to Proceed.**

The District Court dismissed the case against the Estate on August 26, 2024, for failure to prosecute and failure to comply with court orders related to filing a motion for default judgment. (**2-ER-119-123**). A dismissal for failure to prosecute under Fed. R. Civ. P. 41(b) serves to manage the court's docket and prevent prejudice to a defendant from a plaintiff's unreasonable delay. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Here, any such purpose was completely extinguished by the Estate's subsequent actions.

On October 1, 2024, the Estate, having secured counsel, filed its Answer to the First Amended Complaint. (**2-ER-138-147**). By this act, the Estate unequivocally signaled its intent to defend the action on the merits. Later, in response

9

to Ms. Cifuentes's Rule 60 motion to set aside the dismissal, the Estate filed a formal "Notice of Non-Opposition" on January 30, 2025. (**2-ER-171-172**). In that filing, the Estate expressly agreed that the dismissal should be set aside so that the case could be tried on its merits. (**2-ER-173-175**).

These were not trivial developments; they were game-changing events that rendered the court's original justification for dismissal obsolete. The default was moot. Appellant was no longer seeking a default judgment but was ready to proceed with discovery and trial. (**2-ER-153-170**). The Estate was not prejudiced by any delay; to the contrary, it actively waived any such argument by answering the complaint and consenting to the case being reopened. It is illogical and an abuse of discretion for a court to enforce a dismissal intended to protect a defendant when that same defendant has appeared and consented to litigating the case. *See, e.g., Upper Deck Company v. Flores*, 569 F.Supp.3d 1050 (2021) (noting that discretion to set aside a default is "especially broad" where no default judgment has been entered). Here, not only had no judgment been entered, but the defaulting party had appeared and was eager to proceed.

The District Court's denial order on March 6, 2025, fixated on the past, blaming Appellant's counsel for "negligence in briefing" and for a four-month delay in filing the Rule 60 motion. (**1-ER-2-6**). This misses the forest for the trees. The crucial issue was not counsel's past mistakes, but the present reality that both parties

10

were before the court and ready to litigate. The court's failure to recognize that the Estate's appearance and consent had cured the underlying procedural posture was a clear error of law.

Furthermore, Rule 60(b) has a different "reasonable time" standard and that the extraordinary circumstances here (defendant's post-dismissal appearance) justify the delay. What constitutes a "reasonable time" under Rule 60(b)(6) is flexible and depends on the specific facts of the case, unlike the one-year maximum for motions under Rule 60(b)(1)-(3). The court weighs the reasons for the delay against the interest in the finality of judgments. The flexibility of this timing reflects the equitable nature of Rule 60(b)(6), which serves as a "grand reservoir of equitable power" to vacate judgments when necessary to accomplish justice (*Bynoe v. Baca*, 966 F.3d 972 (2020)).

The Ninth Circuit has consistently held that what constitutes a "reasonable time" depends on the facts of each case. Courts consider several factors, including: 1). Interest in Finality: Courts weigh the importance of preserving the finality of judgments against the reasons for the delay (*Lemoge v. U.S.*, 587 F.3d 1188 (2009)). 2). Reason for Delay: The court examines whether the delay was justified, such as whether extraordinary circumstances prevented earlier action (*U.S. v. Holtzman*, 762 F.2d 720 (1985)). 3). Practical Ability to Learn Grounds for Relief: Courts assess whether the litigant had the ability to discover the grounds for relief earlier (*Lemoge*

11

*v. U.S.*, 587 F.3d 1188 (2009)). 4). Prejudice to Other Parties: The court evaluates whether the delay caused prejudice to the opposing party (*Planned Parenthood Monte Mar, Inc. v. Ford*, 349 F.R.D. 213 (2025)). Courts have found delays of up to two years reasonable under Rule 60(b)(6) when extraordinary circumstances justified the delay and there was no prejudice to the opposing party. In *Planned Parenthood Monte Mar, Inc. v. Ford*, the Ninth Circuit upheld delays of eight months to two years as reasonable under Rule 60(b)(6) where the delay caused no prejudice (*Planned Parenthood Monte Mar, Inc. v. Ford, 349 F.R.D. 213 (2025)*). Similarly, in *Hall v. Haws*, the Ninth Circuit affirmed the district court's grant of relief under Rule 60(b)(6), finding that extraordinary circumstances justified reopening the case despite the passage of time (*Hall v. Haws*, 861 F.3d 977 (2017)). Here, Appellant's motion was filed approximately sixty (60) days after, given the time that Appellant needed to consult with appellate counsel and discuss options to continue prosecuting her merited claims. (**2-ER-153-170**). The District Court found Appellant's explanation inadequate stating: "*Plaintiff fails to adequately explain or justify the almost four-month delay in moving to set aside the Court's August 26, 2024, Dismissal of the FAC as to the Estate and the Clerk's June 21, 2024, entry of default against the Estate.*" (**1-ER-2-6**).

///

///

12

**2. The Overwhelming Public Policy Favoring Adjudication on the Merits Mandated Granting the Motion.**

The Ninth Circuit has repeatedly and emphatically held that there is a strong public policy favoring the disposition of cases on their merits. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). Dismissal is a "harsh penalty" that "should only be imposed in extreme circumstances." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). The District Court turned this principle on its head.

This policy preference is at its absolute zenith in a case like this, where: (a) the underlying claims are exceptionally meritorious, (b) the dismissal was based purely on a procedural issue, not the merits, and (c) *both parties* wished to proceed. The merits of Ms. Cifuentes's claim are beyond serious dispute. An internal investigation by the CDCR's Office of Internal Affairs *substantiated* her claim of sexual assault, a finding supported by DNA evidence linking Officer Sigala to the assault with a probability of at least 570 septillions to one. (**2-ER-21-25**). To deny a hearing on the merits for such a horrific and well-documented civil rights violation, based on a procedural posture that no longer existed, is a manifest injustice.

While a court must manage its docket, that interest alone does not justify dismissal, particularly where less drastic alternatives are available. *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). Here, the least drastic and most logical alternative was to grant the Rule 60 motion, vacate the dismissal, and set a

13

schedule for the trial that both parties desired. The court's assertion that it had fulfilled its duty by warning of dismissal (**1-ER 2-8**) is unavailing, as that warning predated the dispositive fact of the Estate's appearance and consent. The court abused its discretion by failing to weigh the overwhelming policy of deciding cases on the merits against a procedural justification that had become entirely moot.

### 3. Relief Was Warranted Under Rule 60(b)(6) Due to Extraordinary Circumstances.

While Appellant's counsel acknowledged their prior errors, the proper basis for relief in this unique situation lies not in Rule 60(b)(1)'s "excusable neglect" provision, but in Rule 60(b)(6), which allows a court to grant relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This catch-all provision "is a grand reservoir of equitable power to do justice in a particular case" and is to be used where "extraordinary circumstances" are present. *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002) (internal citation omitted).

The procedural posture of this case presents just such an extraordinary circumstance. This is not the typical case of a plaintiff seeking to undo their own procedural errors against an unwilling defendant. This is the highly unusual situation where the defendant, *after* dismissal, voluntarily appeared, answered the complaint, and then expressly consented to setting the dismissal aside to defend the case on its merits. The adversarial posture that underpinned the dismissal simply vanished. The

14

Estate's post-dismissal actions were "circumstances beyond [Appellant's] control" that fundamentally altered the case and justified relief to prevent the "injury" of a meritorious case being unjustly terminated. *Id*. More strongly, this isn't about excusing attorney error, but about the fundamental unfairness of maintaining a dismissal when both parties want to litigate and the procedural basis for dismissal has been completely cured.

The District Court abused its discretion by conflating the analysis and focusing solely on counsel's earlier neglect under Rule 60(b)(1). (**1-ER- 2-6**). The court failed to recognize or address the unique equitable argument under Rule 60(b)(6): that justice required setting aside the dismissal because the party it was meant to protect—the defendant—was asking for it to be set aside. The court's failure to exercise its equitable power under Rule 60(b)(6) in the face of these extraordinary circumstances was an abuse of discretion and resulted in a manifest injustice that this Court should remedy. Such inadvertent errors, while regrettable, constitutes excusable neglect under Rule 60(b) and should not permanently bar Appellant's access to justice, particularly where the underlying claims have clear merit.

## VIII.    <u>CONCLUSION</u>

For all of the foregoing reasons, Appellant Canela Cifuentes Catalan respectfully requests that this Court reverse the District Court's Order of March 6, 2025, denying the Rule 60 Motion to Set Aside Dismissal, and remand this action to

the District Court for proceedings on the merits.

Dated: October 14, 2025 **IVIE McNEILL WYATT PURCELL & DIGGS**

By:    ***/s/ Rodney S. Diggs***
        **RODNEY S. DIGGS, ESQ.**
        Attorneys for Appellant,
        Canela Cifuentes Catalan

## STATEMENT OF RELATED CASES

Pursuant to Ninth Circuit Rule 28-2.6, Appellant Canela Cifuentes Catalan certifies that there are other related cases pending before this Court.

This appeal arises from the same underlying district court action, *Canela Cifuentes Catalan v. James S. Hill, et al.*, United States District Court for the Central District of California, Case No. 5:22-cv-00062-JGB-SP, as two other appeals previously filed in this Court.

The related appeals are:

1. *Canela Cifuentes Catalan v. Hill, et al.*, Ninth Circuit Case No. 24-5098, which challenged the District Court's July 15, 2024, order.

2. *Canela Cifuentes Catalan v. Hill, et al.*, Ninth Circuit Case No. 24-6856, which challenged the District Court's October 22, 2024, Order Denying Plaintiff's Motion for Reconsideration.

Appellant has previously filed motions to consolidate all related appeals given that they involve the same parties, the same underlying set of facts, and overlapping legal issues.

Dated: October 14, 2025      **IVIE McNEILL WYATT PURCELL & DIGGS**

By:

*/s/ Rodney S. Diggs*
**RODNEY S. DIGGS, ESQ.**
Attorney for Appellant,
Canela Cifuentes Catalan

17

# UNITED STATE COURT OF APPEALS FOR THE NINTH CIRCUIT

## FORM 8. CERTIFICATE OF COMPLIANCE FOR BRIEFS.

### Ninth Circuit No. 25-2022

I am the attorney.

Pursuant to Federal Rule of Appellate Procedure 32(g), I hereby certify that this brief complies with the requirements of Fed. R. App. P. 32(a).

1. This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 3,481 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

2. This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated: October 14, 2025      **IVIE McNEILL WYATT PURCELL & DIGGS**

By:    */s/ Rodney S. Diggs*
**RODNEY S. DIGGS, ESQ.**
Attorney for Appellant,
Canela Cifuentes Catalan

18