**Ninth Circuit No. 25-2022**

---

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

CANELA CIFUENTES CATALAN,
*Plaintiff and Appellant,*

v.

JAMES S. HILL; CALIFORNIA DEPARTMENT OF CORRECTIONS AND
REHABILITATION; THE ESTATE OF MATTHEW SIGALA, et al.,

*Defendants and Appellees.*

---

C.D. Cal. Case No. 5:22-cv-00062-JGB-SP

On Appeal from the United States District Court for the

Central District of California

District Judge Jesus G. Bernal, Presiding

---

**APPELLANT'S REPLY BRIEF**

---

Rodney S. Diggs, Esq. (SBN 274459)
IVIE McNEILL WYATT PURCELL & DIGGS
444 South Flower Street, Suite 3200
Los Angeles, California 90071
Telephone: (213) 489-0028
Facsimile: (213) 489-0552
RDiggs@imwlaw.com

Attorney for Appellant,
Canela Cifuentes Catalan

## TABLE OF CONTENTS

I.     INTRODUCTION ....................................................................................3

II.    ARGUMENT..........................................................................................4

    A.    APPELLEES' JURISDICTIONAL OBJECTIONS ARE MERITLESS AND IRRELEVANT TO THE ORDER ON APPEAL. ......................4

    B.    THE DISTRICT COURT ABUSED ITS DISCRETION UNDER RULE 60(b)(1). ...................................................................................5

        1.    The Delay Was Reasonable Given the Intervening and Dispositive Post-Dismissal Events. ............................................5

        2.    The Pioneer Factors Overwhelmingly Favor Appellant.............8

        3.    The Estate's Appearance Is a Cognizable and Sufficient Basis for Relief. ..................................................................................10

III.    APPELLEES' STANDING ARGUMENT REGARDING THE ESTATE IS A MERITS QUESTION IMPROPER ON A RULE 60 MOTION ..............12

IV.    APPELLANT DID NOT WAIVE RULE 60(b)(6), AND THE ESTATE'S EXTRAORDINARY POST-DISMISSAL CONDUCT INDEPENDENTLY WARRANTS RELIEF. ..............................................................................13

V.    CONCLUSION.....................................................................................15

CERTIFICATE OF COMPLIANCE....................................................................17

## TABLE OF AUTHORITIES

**Cases**

*Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) ..........8, 12

*Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001)....................................................................................................11

*Ashford v. Steuart*, 657 F.2d 1053 (9th Cir. 1981) ...................................................6

*Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000)........................8

*Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004) .................... 5, 9, 12

*Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002)........................14

*Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986)................................... 11, 12

*Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992)......................................11

*Foley v. Biter*, 793 F.3d 998 (9th Cir. 2015) ...........................................................7

*Hall v. Haws*, 861 F.3d 977 (9th Cir. 2017) ............................................................6

*Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) ......................11

*Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010) .............................................15

*Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1100 (9th Cir. 2006).............5

*Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750 (9th Cir. 2002)................................7

*Lemoge v. U.S.*, 587 F.3d 1188, 1195 (9th Cir. 2009).............................................8

*LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 956–57 (9th Cir. 2020) ...................................................................................................12

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993) ......8

*United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009)...............................5

**Rules**

Rule 60(b)(1)........................................................................................... 8, 9, 11

Rule 60(b)(6)........................................................................................... 13, 14, 15

## I.  INTRODUCTION

Appellees' Answering Brief frames this appeal as a straightforward challenge to the district court's denial of a successive Rule 60 motion based on attorney error. It is not. The true question before this Court is whether the district court abused its discretion by refusing to reopen a case when the very party whose dismissal was at issue—the Estate of Matthew Sigala—subsequently appeared, filed an Answer, and formally consented to having the case tried on its merits. The district court's ruling leaves in place a dismissal that no party seeks to enforce and that no longer serves any legitimate judicial purpose.

The dismissal arose from counsel's procedural errors in briefing two motions for default judgment against the Estate. Those errors were real, and Appellant does not retreat from acknowledging them. But the dismissal's animating purpose— managing the docket and preventing prejudice to the Estate—was entirely extinguished by subsequent events. On October 1, 2024, the Estate filed an Answer to the First Amended Complaint. On January 30, 2025, it filed a formal notice of non-opposition to Appellant's Rule 60 motion, expressly agreeing that the case should be reopened and tried on the merits. Even Appellees concede that the Estate "answered the operative complaint post-dismissal" and "proclaiming that the case against it should be reopened."

Faced with this undeniable record, Appellees resort to three lines of defense: (1) jurisdictional objections targeting other orders that are not before this Court; (2) arguments that the delay in filing the Rule 60 motion was unreasonable; and (3) the assertion that the Estate's filings were a "legal nullity" because an estate cannot be sued without a personal representative. None of these arguments withstands scrutiny.

The fundamental principle animating this appeal remains unchanged: a district court abuses its discretion when it enforces a dismissal—entered to protect

a defendant from a plaintiff's procedural failure—after that very defendant has appeared, answered, and consented to litigating on the merits. The result produced below is not only illogical; it serves no party's interest and forecloses a meritorious, substantiated civil rights claim from ever reaching a jury. This Court should reverse.

## II.   ARGUMENT

### A. APPELLEES' JURISDICTIONAL OBJECTIONS ARE MERITLESS AND IRRELEVANT TO THE ORDER ON APPEAL.

Appellees argue at length that this Court's jurisdiction does not extend to the summary judgment order entered for Warden Hill and CDCR, the August 26, 2024 dismissal order, or the October 22, 2024 order denying Appellant's first motion for reconsideration. Appellant does not dispute that this appeal concerns only the March 6, 2025, order denying her second Rule 60 motion. Appellant's opening brief clearly identified the March 6 order as the sole order being appealed, and the notice of appeal designated that order accordingly.

Appellees contend that "the appeal is not timely as to the August 26 dismissal" and that Appellant "does not challenge the summary-judgment order in this appeal." These points are uncontested and irrelevant. This Court's task is to evaluate whether the district court abused its discretion in denying the March 6 order—the order Appellant expressly challenges. Appellant does not seek review of the summary judgment entered for Hill and CDCR, nor does she challenge the August 26 dismissal directly. She challenges only the district court's refusal, on March 6, 2025, to exercise its discretion to set that dismissal aside given the fundamentally changed procedural posture of the case. Appellees' jurisdictional arguments are directed at claims Appellant has not made, and they provide no basis to affirm the order at issue.

4

## B. THE DISTRICT COURT ABUSED ITS DISCRETION UNDER RULE 60(b)(1).

This Court reviews the denial of a Rule 60 motion for abuse of discretion. *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1100 (9th Cir. 2006); *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004). A district court abuses its discretion when it applies an erroneous legal standard, makes clearly erroneous factual findings, or reaches a result that is illogical, implausible, or without support in inferences drawn from the record. The district court's March 6 order suffers from all three of these defects.

This is not a case at the margins of discretion. A district court abuses its discretion when it reaches a result that is "illogical, implausible, or without support in inferences that may be drawn from the record." *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc). Where, as here, the only party protected by the dismissal has appeared, answered, and affirmatively consented to reopening the case, denial of Rule 60 relief serves no legitimate purpose and is necessarily illogical. No reasonable court could conclude otherwise.

### 1. The Delay Was Reasonable Given the Intervening and Dispositive Post-Dismissal Events.

Appellees argue that Cifuentes "unduly delayed in filing her successive Rule 60 motion despite having prior notice of the circumstances forming the basis of her motion." This argument fundamentally mischaracterizes what the second Rule 60 motion was about. The first motion for reconsideration was premised on attorney error. The second Rule 60 motion—the one now on appeal—was premised on something new and materially different: the Estate's post-dismissal appearance and consent. Appellees cannot conflate these two motions and then argue that the second was untimely because the first had already been litigated.

5

The Estate did not file its Answer until October 1, 2024. Appellant's first motion for reconsideration was denied on October 22, 2024. The Rule 60 motion was filed on January 23, 2025. The period between the Estate's Answer and the filing of the Rule 60 motion spans approximately 114 days—roughly four months. During this time, Appellant was consulting with appellate counsel about the proper course of action given the changed procedural landscape and the pending denial of the first reconsideration motion. That explanation is concrete and reasonable. It is categorically different from the threadbare justifications courts have found insufficient.

Appellees rely on *Ashford v. Steuart*, 657 F.2d 1053 (9th Cir. 1981), where the court denied relief because "nothing impeded appellant's awareness of the court's ruling and of all the relevant facts and law." *Ashford* is inapposite. There, the movant had full knowledge of the relevant facts and law from the outset and simply chose not to seek earlier relief. Here, Appellant could not have grounded a Rule 60 motion in the Estate's appearance and consent until after those events occurred in October 2024. The earliest Appellant could have moved on the new grounds was after the October 1st Answer and the October 22nd denial of the first reconsideration motion. Measured from that point, the four-month period to the January 23rd filing is well within the range courts have found reasonable.

Appellees dismiss the *Hall v. Haws*, 861 F.3d 977 (9th Cir. 2017), analogy by pointing out that Hall was a pro se litigant who relied on a co-defendant's assurances. But the principle *Hall* illustrates is broader than its facts: delays caused by circumstances outside the movant's immediate control—and particularly by events that change the nature of the motion being sought—can be reasonable. *Hall* recognized that its circumstances were "rare and extraordinary," and Appellees are correct that each case turns on its facts. The facts here are no less extraordinary: a dismissed defendant appearing post-judgment and voluntarily requesting that the

case be reopened is not a common occurrence. The delay between that event and the filing of the Rule 60 motion was reasonable.

Appellees also argue, relying on *Foley v. Biter*, 793 F.3d 998 (9th Cir. 2015), that attorney abandonment-level circumstances are required for a lengthy delay to be excused. But *Foley* involved a petitioner who was affirmatively prevented from discovering the relevant facts due to attorney abandonment. Appellant is not arguing that she was prevented from discovering anything. She is arguing that the very grounds for her second motion—the Estate's consent and appearance—did not exist until after the first motion was denied. No amount of diligence could have accelerated the Estate's appearance. The delay analysis must account for when the new grounds first arose.

Finally, Appellees contend that "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute," citing *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750 (9th Cir. 2002), and that Warden Hill and CDCR—as parties with a financial interest in the outcome—were prejudiced by the delay. But prejudice to non-defaulting parties who have already obtained a favorable summary judgment is not the prejudice that Rule 60 measures. The operative question is prejudice to the party against whom relief is sought in the Rule 60 motion. That party—the Estate—expressly waived any claim of prejudice by filing a notice of non-opposition and consenting to the case proceeding. Appellees' abstract financial interest in the outcome of a case between Appellant and a different party does not constitute prejudice cognizable under the Rule 60 analysis. Critically, the district court's analysis ignored that the basis for this motion did not exist until the Estate appeared post-dismissal. Measuring delay from a point in time before the operative facts arose is legal error and renders the court's timeliness determination unsustainable.

7

**2. The Pioneer Factors Overwhelmingly Favor Appellant.**

To determine whether neglect is "excusable" under Rule 60(b)(1), courts apply the four-factor test from *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993): (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010). Prejudice to the opposing party is the most important of these factors. *Lemoge v. U.S.*, 587 F.3d 1188, 1195 (9th Cir. 2009). A proper application of these factors compels reversal.

**Prejudice.** The Estate—the only opposing party in the Rule 60 motion—actively sought to have the dismissal set aside. It filed an Answer, then filed a notice of non-opposition explicitly agreeing that the case should be tried on the merits. It stated that proceeding to trial was in the Estate's interest to potentially vindicate Decedent Sigala's name. A defendant who files an Answer, waives default, and affirmatively consents to reopening a case cannot credibly claim prejudice from the very relief it requested. As courts have recognized, being required to litigate on the merits "cannot be considered prejudicial." The district court's order on March 6, 2025, did not address this factor in any meaningful way—a significant analytical gap that renders its conclusion suspect. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000) (this Court will not ordinarily reverse when the district court "actually engaged" in the proper equitable analysis). Here, it plainly did not.

**Length of Delay.** The Rule 60 motion was filed approximately five months after the August 26 dismissal and approximately four months after the Estate's October 1 Answer. Appellees characterize this as an "almost four-month delay" between the Estate's filing and the Rule 60 motion. But the Estate's filing is the triggering event for the second motion's primary legal argument, and the delay between that event and the motion was driven by the October 22 denial of the first reconsideration

motion and subsequent consultations about the appellate posture of the case. This delay had no negative impact on the proceedings: the case was not pending trial, discovery had long concluded, and the Estate itself suffered no harm from the intervening period. Courts routinely find far longer periods reasonable when the movant can articulate a legitimate reason for the delay. *Lemoge* found a two-month delay reasonable under circumstances of medical crisis; *Foley* found an extended delay excusable due to attorney abandonment. The circumstances here—consulting with appellate counsel after an intervening change in the Estate's litigation posture—are at least as compelling.

**Reason for the Delay.** Appellant's counsel admitted errors in briefing the default motions and sought relief under Rule 60(b)(1) based in part on excusable neglect. Appellees correctly note that, as a general rule, parties are bound by their attorneys' actions and that attorney malpractice does not usually provide a basis for Rule 60(b)(1) relief, citing *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004). But *Casey* is distinguishable in a critical respect: in that case, the basis for relief was solely the attorney's mistake, and the opposing party had not consented to setting aside the judgment. Here, the basis for the second Rule 60 motion was not merely counsel's error—it was the Estate's voluntary appearance and consent, which represented new facts unavailable when the first reconsideration motion was filed. The reason for the second motion's delay was principally the time required for the Estate to appear and for Appellant's counsel to assess the legal significance of that development.

**Good Faith.** The record contains no evidence of bad faith. Counsel openly acknowledged their briefing errors, and the Rule 60 motion was filed to advance a legitimate legal argument—not to relitigate the prior motion for reconsideration or to game the appellate schedule. The motion proposed an expedited schedule with

9

trial within sixty days, reflecting genuine intent to resolve the case promptly rather than to delay further.

The only relevant prejudice inquiry under Rule 60 is prejudice to the party opposing relief. Here, the Estate not only failed to assert prejudice—it affirmatively waived it by answering the complaint and filing a notice of non-opposition. A party cannot simultaneously consent to adjudication on the merits and claim prejudice from reopening the case. Appellees' asserted financial or derivative interests are not cognizable prejudice under Rule 60 and cannot justify denial of relief. The district court failed to meaningfully address the Estate's appearance and consent—facts central to the Rule 60 analysis—and instead focused almost exclusively on past attorney error. That omission alone constitutes an abuse of discretion. .

### 3. <u>**The Estate's Appearance Is a Cognizable and Sufficient Basis for Relief.**</u>

Appellees treat the Estate's post-dismissal appearance as irrelevant. That is incorrect. Rule 60(b) is an equitable mechanism, and its application turns on whether continued enforcement of a judgment is equitable. Here, the dismissal was entered to address prejudice to, and nonparticipation by, the Estate. Once the Estate appeared, answered, and expressly consented to adjudication on the merits, the equitable basis for the dismissal ceased to exist. Continuing to enforce that dismissal—over the Estate's objection—serves no Rule 60 purpose and constitutes an abuse of discretion..

Appellees' argument misstates the issue. The Estate's actions are not offered as "excusable neglect," but as a material change in circumstances that eliminates the equitable basis for the dismissal. Once the Estate appeared and consented to proceed, the dismissal no longer served its intended purpose. Refusing to set it aside under those circumstances is an abuse of discretion..

10

Rule 60(b) is "remedial in nature and must be liberally applied." *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). The court's equitable analysis under Rule 60(b)(1) is not a mechanical checklist but a holistic weighing of circumstances. The district court focused exclusively on past events—counsel's briefing errors, the history of the default motions—while virtually ignoring the post-dismissal developments that changed the fundamental equitable landscape. That selective analysis, which rendered the most important factor (prejudice) a nullity, was itself an error of law.

Appellees also contend, relying on *Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001), that the Estate's filings do not "conceivably fall" within the categories of mistake, inadvertence, surprise, or excusable neglect. But *Am. Ironworks* addressed a Rule 60 motion that simply "reargued" the original case. Appellant is not rearguing the dismissal on grounds that were available before. She is presenting a material change in facts—the Estate's appearance—that renders the original grounds for dismissal moot. That is a qualitatively different argument, and the district court was required to evaluate it as such.

Furthermore, the public policy favoring decisions on the merits is not merely a "tiebreaker" in close cases; it is an independent consideration that courts must actively weigh. *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998); *Eitel*, 782 F.2d at 1472. Enforcing a dismissal that no party—neither plaintiff nor defendant—wishes to maintain, and that was premised on a procedural posture that no longer exists, elevates judicial efficiency to an end in itself. That is not what Rule 60 contemplates. Dismissal is a "harsh penalty" reserved for "extreme circumstances." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). The circumstances here—a defendant who answered and consented to proceed—are precisely the opposite of extreme. They called for the court to exercise its equitable

power and reopen the case. Nor is this an improper successive motion. Rule 60 permits relief based on new facts arising after judgment. The first motion addressed attorney error; this motion is based on a fundamentally different and later-occurring event—the Estate's post-dismissal appearance and consent. Because the grounds are distinct, the motion is not duplicative and could not have been raised earlier.

### III. APPELLEES' STANDING ARGUMENT REGARDING THE ESTATE IS A MERITS QUESTION IMPROPER ON A RULE 60 MOTION

Appellees argue that the Estate's post-dismissal filings were a "legal nullity" because an estate is not a legal entity that can sue or be sued without a personal representative, citing *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 956–57 (9th Cir. 2020). They also contend that the Estate may not even exist, given Sigala's mother's representation that "the entity 'Estate of Matthew Sigala' does not exist."

These arguments are improper at this stage of the proceedings for two reasons:

First, as Appellees themselves acknowledge, the Rule 60 analysis "does not ask whether the underlying claim has merit: it only asks whether the circumstances support granting relief from a judgment," citing *Ahanchian*, 624 F.3d at 1261, and *Casey*, 362 F.3d at 1257. Yet Appellees urge this Court to deny relief based on substantive legal questions—whether the Estate is properly constituted, who its personal representative is, and whether it legally exists—that have never been briefed or adjudicated by any court. These are exactly the kinds of merits questions that belong in the trial court on remand, not in a Rule 60 motion filed by the opposing party. *Eitel v. McCool*, 782 F.2d at 1471–72 (the merits-favoring policy supports deciding such questions on the merits rather than by dismissal).

12

Second, the standing and capacity questions Appellees raise are far from resolved. The Estate obtained an attorney and filed a formal Answer. That attorney, according to Appellees, was attorney James A. Bryant of the CA Law Group. Whether Bryant was properly authorized to act for a personal representative of the Estate—or whether a personal representative exists or should be appointed—is a question of California probate procedure that a district court is fully competent to resolve. A Rule 60 motion is not the vehicle for that determination; a merits proceeding on remand is. If the Estate ultimately cannot be sued as a legal entity without a properly appointed representative, that issue can be resolved through motion practice on remand. The district court's refusal to reopen the case eliminated any opportunity to do so, which is itself an injustice.

Appellees further suggest that the Estate's motives were suspect because the Estate's attorney "partnered with Cifuentes's counsel in six other actions." This innuendo does not bear on the Rule 60 analysis. Whether the non-opposition was motivated by collegial relationships or by a genuine belief that litigating on the merits was in the Estate's interest, the legal effect is the same: the Estate, through counsel, expressed its desire to defend the action. Speculation about motive is not a substitute for legal analysis.

## IV. <u>APPELLANT DID NOT WAIVE RULE 60(b)(6), AND THE ESTATE'S EXTRAORDINARY POST-DISMISSAL CONDUCT INDEPENDENTLY WARRANTS RELIEF</u>.

Appellees' waiver argument fails because Appellant raised Rule 60(b)(6) below and, in any event, this Court may affirmatively consider it where the record supports relief. The Estate's post-dismissal appearance, answer, and express consent to proceed on the merits constitute precisely the type of "extraordinary circumstances" that justify relief under Rule 60(b)(6): a procedural dismissal that no longer protects any party and operates only to bar adjudication of a

13

substantiated civil rights claim. This is not merely an unusual case—it is one in which the judgment no longer protects any party and operates solely to prevent adjudication on the merits. That is the definition of extraordinary..

Appellant's district court motion cited Rule 60(b) generally and identified the overlapping grounds for relief, including circumstances not captured by any single enumerated provision. Appellant's opening brief expressly argued that Rule 60(b)(6)'s catch-all provision applies because the Estate's post-dismissal appearance and consent constitute "extraordinary circumstances" that justify relief independent of any attorney error. That argument was not invented on appeal; it flowed directly from the grounds raised below. This Court has discretion to consider arguments that were presented in substance in the district court, even if not labeled with a specific rule sub-section. The district court was plainly on notice that Appellant sought all available forms of relief from the dismissal based on the Estate's post-dismissal conduct.

On the merits, Rule 60(b)(6) permits relief for "any other reason that justifies relief" and is described as a "grand reservoir of equitable power to do justice in a particular case," to be used where "extraordinary circumstances" are present. *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002). Appellees argue that *Tani*—where an attorney was "grossly negligent" in defending the action and deceived his client—is distinguishable because there, the attorney's conduct prevented the defendant from taking appropriate action. The distinction Appellees draw is not persuasive.

The relevant principle in *Tani* is that Rule 60(b)(6) exists to prevent manifest injustice in circumstances that do not fit neatly within the enumerated provisions. Here, the situation is extraordinary: this is the rare case where the party protected by a dismissal—the Estate—has voluntarily appeared, answered the complaint, and expressly asked the court to set the dismissal aside so the case can be heard on the

14

merits. There is no case in which a court has refused, under these unique facts, to exercise its equitable power to set aside a dismissal. The dismissal was no longer serving any cognizable judicial purpose. *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010) (recognizing that attorney inaction or gross negligence may, in some instances, warrant setting aside a judgment under Rule 60(b)(6)).

Appellees contend that extraordinary circumstances under Rule 60(b)(6) require events "beyond a party's control" that "prevented" the party from prosecuting the action. But the Estate's appearance was not within Appellant's control. The Estate chose, post-dismissal, to answer the complaint and consent to litigation. This change in the opposing party's posture was entirely external to Appellant's conduct and fundamentally altered the case. That development—a dismissed defendant appearing and requesting reinstatement—is precisely the kind of circumstance that falls outside the enumerated provisions and calls for the court's equitable intervention. The district court's failure to recognize this was a manifest abuse of its discretionary power.

## V.    CONCLUSION

The district court's March 6, 2025, order enforced a dismissal that no party wished to maintain, foreclosed a substantiated civil rights claim from ever reaching trial, and ignored the most critical fact in the record: the Estate appeared, answered, and consented to litigating the case. The Pioneer factors—weighted toward the most important one, prejudice, which is entirely absent—compel relief. The delay was reasonable given the intervening events that gave rise to the motion. Counsel's errors, while real, are not an absolute bar to relief when weighed against the equities as a whole. And the extraordinary circumstances presented by the Estate's post-dismissal conduct independently justify relief under Rule 60(b)(6).

The district court's ruling leaves in place a dismissal that no party seeks to enforce and that no longer serves any legitimate judicial purpose. That result is not

15

a permissible exercise of discretion—it is an abuse of it. Appellant Canela Cifuentes Catalan respectfully requests that this Court reverse the district court's March 6, 2025 order denying Rule 60 relief and remand with instructions to reopen the action as to the Estate of Matthew Sigala.

Dated: April 14, 2026      **IVIE McNEILL WYATT PURCELL & DIGGS**


By:    */s/ Rodney S. Diggs*
       **RODNEY S. DIGGS, ESQ.**
       Attorney for Appellant,
       Canela Cifuentes Catalan

16

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Fed. R. App. P. 32(g), I hereby certify that this brief complies with the requirements of Fed. R. App. P. 32(a).

1.  This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains approximately 4,040 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Times New Roman 14-point font.

/s/ Rodney S. Diggs
RODNEY S. DIGGS

17